UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SR CONSTRUCTION INC., | § | |
| | § | |
| Plaintiff/Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:20-CV-3487-B |
| | § | |
| HALL PALM SPRINGS, LLC and | § | |
| RE PALM SPRINGS, LLC, | § | |
| | § | |
| Defendants/Appellees. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court in this bankruptcy appeal is Appellant SR Construction, Inc. (SRC)'s Emergency Motion for an Immediate Stay Pending Appeal (Doc. 2). For the reasons that follow, the motion is **DENIED**.

### I.

### BACKGROUND

SRC appeals two orders of the bankruptcy court in the pending Chapter 11 bankruptcy of RE Palm Springs II, LLC ("RE Palm Springs"). *See* Doc. 2, Mot., 1. The Court recounts only the facts giving rise to those orders that are pertinent to resolving the pending motion.

In 2017, SRC was engaged to construct a hotel in Palm Springs, California (the "Property"). Doc. 3-1, Movant's Ex. A, 69. The then-owner of the Property obtained construction financing from Hall Palm Springs, LLC (HPS) secured by a deed of trust in the Property. *See* Doc. 3-5, Movant's Ex. E, 1–2. SRC was not paid for its work and was eventually terminated mid-project. Doc. 3-1, Movant's Ex. A, 71–72. SRC maintains that at the time it was terminated, it was owed over $14

million for work it had completed. *Id.* at 72. So, after it was terminated, SRC recorded a mechanic's lien on the Property and filed suit in California seeking to foreclose on such lien. *Id.* at 72–73.

Meanwhile, the then-owner of the Property defaulted on its loan with HPS, and HPS accelerated the loan. *See* Doc. 2, Mot., 7 (citations omitted). Soon after, HPS formed RE Palm Springs.[1] *See* Doc. 3-1, Movant's Ex. A, 45. The then-owner of the Property then transferred the Property to RE Palm Springs, and a grant deed was recorded. Doc. 2, Mot., 7 (citation omitted). According to SRC, RE Palm Springs "gave no consideration for the [g]rant [d]eed, but took ownership subject to $50 million in liens and security interests." *Id.* (citations omitted). RE Palm Springs then filed its voluntary Chapter 11 bankruptcy petition. *See generally* Doc. 3-7, Movant's Ex. G.

After an attempted sale of the Property through a stalking-horse bidder fell through, *see* Doc. 2, Mot., 8–9, HPS moved the bankruptcy court to authorize a credit bid under which it would buy the Property via a line of credit. *See generally* Expedited Mot., *In re RE Palm Springs II, LLC*, No. 20-31972 (Bankr. N.D. Tex. Oct. 13, 2020), ECF No. 198. Before the bankruptcy court ruled on this motion, SRC filed an adversary proceeding in the bankruptcy court against HPS and RE Palm Springs seeking, among other things, an injunction of the sale of the Property pending determination of the propriety of the initial transfer of the Property to RE Palm Springs from the prior owner and priority of SRC's security interest in the Property. Doc. 3-17, Movant's Ex. Q, 4. That proceeding remains pending. Nonetheless, by order dated November 9, 2020, the bankruptcy court accepted HPS's credit bid (the "Credit Bid Order"). Order, *In re RE Palm Springs II, LLC*, No. 20-31972

---

[1] It appears from the record that HPS formed an entity called Hall Palm Springs II, LLC, but that entity changed its name to RE Palm Springs in June 2020. Doc. 3-6, Movant's Ex. F, 1. For simplicity's sake, the Court refers to RE Palm Springs, the debtor, by its current name only.

(Bankr. N.D. Tex. Nov. 9, 2020), ECF No. 248. Then, on November 18, 2020, following two days of evidentiary hearings, the bankruptcy court approved the sale of the Property to HPS, free of SRC's lien, and the sale may occur as early as December 2, 2020 (the "Sale Order"). Order, *In re RE Palm Springs II, LLC*, No. 20-31972 (Bankr. N.D. Tex. Nov. 18, 2020), ECF No. 262.

SRC appeals the Credit Bid Order and the Sale Order in this Court and, by its motion, seeks a stay of the Sale Order pending resolution of its appeal. *See generally* Doc. 2, Mot. SRC first sought a stay of the Sale Order from the bankruptcy court, and it was denied. *See* Order, *In re RE Palm Springs II, LLC*, No. 20-31972 (Bankr. N.D. Tex. Nov. 18, 2020), ECF No. 262. Finding that SRC has not established irreparable injury absent its requested stay, and that a stay would cause substantial harm to other interested parties, this Court likewise **DENIES** the motion.

## II.

## LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8007 governs the procedure for stays of bankruptcy court orders pending appeal. This rule states that a party ordinarily must first move for a stay of a bankruptcy court judgment or order in the bankruptcy court. Fed. R. Bankr. P. 8007(a)(1)(A). The rule also provides that a motion for a stay may be made in the district court where the appeal is pending. *Id.* 8007(b)(1). If the motion under 8007(a)(1)(A) was originally made in the bankruptcy court, the motion in the district court must "either state that the [bankruptcy] court has not yet ruled on the motion, or state that the court has ruled and set out any reasons given for the ruling." *Id.* 8007(b)(2)(B). The motion must also include "(A) the reasons for granting the relief requested and the facts relied upon; (B) affidavits or other sworn statements supporting facts subject to dispute; and (C) relevant parts of the record." *Id.* 8007(b)(3)(A)–(C).

The party seeking a stay of a bankruptcy court order pending appeal has the burden of satisfying four factors: "(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Saldana v. Saldana*, 2015 WL 5021415, at *2 (N.D. Tex. Aug. 25, 2015) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Nken v. Holder*, 556 U.S. 418, 426 (2009)). All of these factors must be met, *Arnold v. Garlock*, 278 F.3d 426, 438–39 (5th Cir. 2001), but "[t]he first two . . . are the most critical." *Saldana*, 2015 WL 5021415, at *2 (citing *Nken*, 556 U.S. at 434).

### III.

### ANALYSIS

As noted above, SRC presented its request for a stay of the Sale Order to the bankruptcy court. In its motion before this Court, SRC did not present the reasons the bankruptcy court denied its request, and the bankruptcy court did not give any reasons in its written order.[2] *See generally* Order *In re RE Palm Springs II, LLC*, No. 20-31972 (Bankr. N.D. Tex. Nov. 18, 2020), ECF No. 262. The Court finds that SRC has met the initial requirements of Rule 8007 and will turn to the merits of the motion. Because SRC has not demonstrated irreparable harm, and because granting a stay would cause substantial harm to other interested parties, the motion is **DENIED**.

---

[2] It appears from the hearing transcript that the request was denied at least in part because SRC did not present any specific evidence regarding its request for a stay. Doc. 3-4, Movant's Ex. D, 121.

A.  *Irreparable Injury*

SRC argues that the sale of the Property will cause irreparable harm because it would moot SRC's appeal. Doc. 2, Mot., 4–5. According to SRC, the sale "would be impossible to unwind and will eliminate SRC and the other creditors' secured interests in the Property. As the Property is [RE Palm Springs's] only substantive asset, SRC . . . will be left with no effective means to collect any portion of the more than $14 million owed" to it. *Id.*

To the extent SRC argues it will suffer injury as a result of the sale because it will not be able to collect the money it is owed, such an injury is not irreparable. *Permian Producers Drilling*, 263 B.R. at 522 ("Purely monetary injury is not irreparable because the injured party has remedy by bringing suit to recover damages." (citation omitted)). And, in any event, this assertion is inaccurate. As the bankruptcy court discussed on the record, SRC's contract was accompanied by payment and performance bonds, and SRC can "pursue payment under those bonds" using "state law procedures in California[.]" Doc. 3-4, Movant's Ex. D, 116. This Court agrees with the bankruptcy court that SRC has other relief available. SRC still has "effective means to collect" what it is owed. *See* Doc. 2, Mot., 5.

Moreover, to the extent SRC argues it is entitled to a stay because its appeal will be mooted absent a stay, this does not constitute irreparable injury. This Court agrees with the majority of courts in this circuit finding that the risk of mooting a bankruptcy appeal, standing alone, does not constitute irreparable harm warranting a stay. *In re Fiesta Inn & Suites, LP*, 2009 WL 5195961, at *3 (Bankr. W.D. Tex. Dec. 21, 2009) (citation omitted); *Yucaipa Corp. Initiatives Fund, ILP v. Piccadilly Rests., LLC*, 2014 WL 1871889, at *4 (W.D. La. May 6, 2014) (citation omitted); *In re Ba-Mak Gaming Int'l, Inc.*, 1996 WL 411610, at *2 (E.D. La. July 22, 1996) (citations omitted); *In re Camp*

*Arrowhead*, 2010 WL 363773, at *7 (W.D. Tex. Jan. 22, 2010). SRC does not dispute this. *See generally* Doc. 11, Reply. And SRC does not state what other irreparable harm it will suffer besides the mootness problem and its perceived inability to collect what it is owed.[3] SRC has not established irreparable harm; thus, it is not entitled to a stay.

B.  *Substantial Harm to Other Parties*

SRC argues that a stay will not harm the other interested parties in this matter because it "will not cause a significant delay" in the pending bankruptcy proceedings. Doc. 2, Mot., 23. Even assuming this is true, SRC ignores that the Property is currently a "wasting asset." Doc. 3-4, Movant's Ex. D, 112. The bankruptcy court explicitly found that it costs $50,000 to $70,000 monthly—or "maybe" a "little more than that"—to maintain the Property in its current half-constructed state. *Id.* Not only is half the building "completely exposed," but "construction materials [are also] lying around deteriorating." *Id.* at 112–13. Moreover, it appears from the record that RE Palm Springs has certain financing that will lapse at the end of the year. *See id.* at 106 (noting debtor-in-possession loan will expire December 31). Absent a sale, the maintenance costs and diminishing value of the asset continue to substantially harm the estate and RE Palm Springs, which "has no cash or other options . . . and certainly does not have funds to finish the hotel[.]" *Id.* at 106. This harm to RE Palm Springs provides an independent justification to deny the motion.

In its reply, SRC points out that RE Palm Springs "remains silent as to any irreparable injury or prejudice that it would suffer from the relatively brief delay that would ensue in the event of a stay." Doc. 11, Reply, 7. Even if true, this is inapposite. It is *SRC*'s burden to establish that no other

---

[3] Furthermore, as the bankruptcy court pointed out, any lienholder, including SRC, could have submitted credit bids to buy the Property when HPS did. *See* Doc 3-4, Ex. D., 113–14. SRC did not do so.

parties will be substantially injured by a stay. *See Saldana*, 2015 WL 5021415, at *2 ("The movant seeking a stay of a bankruptcy court order pending appeal has the burden to satisfy all four requirements." (citation omitted)). For the reasons explained above, RE Palm Springs will be substantially harmed by the stay. Thus, SRC has failed to establish a stay would not substantially injure other interested parties.

The parties devote much of their briefs to arguing SRC's likelihood of success in its bankruptcy appeal, the first requirement for a stay. *See generally* Doc. 2, Mot.; Doc. 7, RE Palm Springs Resp.; Doc. 9, HPS Resp.; Doc. 11, Reply. But, as stated above, SRC must meet each of the four requirements to be entitled to a stay. *See Garlock*, 278 F.3d at 438–39. Because SRC has failed to meet at least two, the Court need not assess the likelihood of SRC's success on the merits of its bankruptcy appeal.

### IV.

### CONCLUSION

For the foregoing reasons, SRC's Emergency Motion for an Immediate Stay Pending Appeal (Doc. 2) is **DENIED**.

**SO ORDERED.**

**SIGNED: December 1, 2020.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE